**IN THE UNITED STATES DISTRICT COURT**
**for the EASTERN DISTRICT of PENNSYLVANIA**

| | | |
|---|---|---|
| **PHILADELPHIA FEDERAL CREDIT UNION** | : | CIVIL ACTION |
| Plaintiff | : | |
| vs. | : | |
| | : | No.  2:13-CV-03040 (ER) |
| **GEORGE ANKRAH** | : | |
| Defendant | : | |

**MOTION of PHILADELPHIA FEDERAL CREDIT UNION**
**for SANCTIONS PURSUANT to RULE 11**

Philadelphia Federal Credit Union (the **"Movant"**), through its undersigned counsel, hereby moves for sanctions against the Debtor and his counsel, pursuant to Rule 11, as follows :

1. The Plaintiff commenced this action on June 3, 2013.

2. After significant difficulty, the Plaintiff had the Defendant served with the Summons and Complaint, on September 18, 2013, as appears on the Affidavit of Service previously filed in this matter as Docket #8.

3. The Plaintiff filed a Request for Default on October 10, 2013, at Docket #9, after the Defendant failed to answer, move or otherwise plead to the Complaint.

4. The Clerk entered the Defendant's default on the docket on October 11, 2013.

5. On October 16, 2013, the Defendant, through counsel, filed a Motion to Vacate Default, to which was attached a proposed Answer to the Complaint with Affirmative Defenses, at Docket #10.

6. The Defendant's Motion is completely without merit.

7. The Defendant's proposed Answer and Affirmative Defendants is clearly intended solely to delay the matter, as it –

    a. contains denials of facts that the Defendant *must* know are true;

    b. sets forth alleged defenses to this action that are not recognized by Pennsylvania law;

    c. sets forth alleged affirmative defenses that are contradicted by the evidence adduced to date, and that are clearly unavailable on the facts of the case.

8. Specifically, but without limitation –

   a. the proposed answer fails to admit, at Paragraph 5, that the Defendant resides at the address stated in the Complaint, even though (among other things) he was <u>personally</u> served there, he owns a vehicle registered to that address, and he receives mail at that address[1];

   b. the proposed answer claims, at Paragraph 12 and elsewhere, that the Plaintiff has failed to join "necessary and indispensable" parties to this action, notwithstanding that the <u>only</u> required defendant in an action in mortgage foreclosure is the mortgagor, and if different, the current owner of the mortgaged properties[2];

   c. the proposed answer claims, at Paragraph 12, that the Plaintiff has deliberately failed to join other parties because doing so would destroy this court's diversity jurisdiction, even though – as set forth above – it is clear that no other parties need be named as defendants in this mortgage foreclosure action;

   d. the proposed affirmative defenses allege, at Paragraph 16, that "the mortgagee named in the Plaintiff's purported mortgage instrument is not the Plaintiff…" even though the exhibits attached to the Plaintiff's complaint clearly demonstrate the opposite;

   e. the proposed affirmative defenses allege, at Paragraph 19, that "the plaintiff is in violation of its own Pooling and Servicing Agreement …" even though no such document exists, as the Plaintiff originated and services this loan itself;

   f. the proposed affirmative defenses allege, at Paragraph 20, that "the plaintiff is in violation of the Truth in Lending Act …" even though – the Defendant admits – the borrower on this loan is a corporation (*see,* among others, Paragraph 5 of the proposed Answer), rendering the loan a non-consumer obligation, to which Truth in Lending is inapplicable; and

   g. such other allegations as may be shown to be false or irrelevant in subsequent proceedings in this matter.

9. It appears that the Defendant's proposed answer and affirmative defenses is a form document, which the Defendant's counsel files, in substantially identical form, in *every* foreclosure

---

[1] *See,* Plaintiff's Motion for Alternative Service and Supplement to Motion for Alternative Service, Docket #'s 3 and 4, and exhibits thereto.

[2] *See*, Pa. Rule of Civil Procedure 1144. Furthermore, the Defendant has not identified the allegedly indispensable parties who were not named in the Complaint.

case he defends, without regard to the actual facts of the matter.

10. One such filing, made in an unrelated foreclosure case in Bucks County, is attached as **Exhibit "A"**.

11. Because he files a virtually identical, boilerplate answer in every foreclosure case he handles, it is clear that the Defendant's counsel conducted <u>no</u> investigation into the facts of this matter before filing his Motion to Vacate Default here.

12. The Motion to Vacate and the proposed Answer and Affirmative Defenses violate the following provisions of Rule 11 :

   a. The Motion was filed primarily for the purpose of delay, and not for any proper purpose, in violation of Rule 11(b)(1);
   b. The proposed Answer and Affirmative Defenses attached to the Motion violate Rule 11(b)(2), in that the claims and defenses set forth in it are not warranted by existing law, or a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
   c. The proposed Answer and Affirmative Defenses violates Rule 11(b)(3), in that certain factual allegations set forth in it lack evidentiary support;
   d. The proposed Answer and Affirmative Defenses violates Rule 11(b)(4), in that it contains blanket denials of factual allegations which the Defendant *must* know are true.

13. The Defendant's counsel is misusing his status as an officer of the court to file pleadings intended solely to delay matters, and not for any proper purpose.

14. Sanctions are necessary to deter conduct of the type herein described.

15. Sanctions should be imposed against the Defendant's attorney (either alone, or together with the Defendant) on the facts herein set forth.

16. A copy of this Motion was sent to the Defendant's counsel by first class mail, postage prepaid, on October 17, 2013, together with a demand that the Motion to Vacate Default be withdrawn within 21 days thereafter.

17. The Defendant's counsel failed to withdraw the Motion to Vacate Default and more than 21 days have passed since the demand to do so was made.

**WHEREFORE**, the Movant respectfully requests that the Defendant, his counsel, or both

be ordered to pay sanctions to the Movant in an amount to be determined by the Court.

                    **KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

By:   */S/ William J. Levant, Esquire*
       WILLIAM J. LEVANT, ESQUIRE (I.D. 54286)
       910 Harvest Drive
       Post Office Box 3037
       Blue Bell, PA  19422
       (610)260-6000
       Telecopier : (610)684-2020
       Counsel for Philadelphia Federal Credit Union

Date : November 13, 2013

**EXHIBIT "A"**

Keaveney Legal Group LLC
Joshua Thomas Esq.
Supreme Court ID No. 312476
1650 Market St, Ste. 3600
Philadelphia, PA 19103
Ph (800) 219-0931
Fax: (215) 501-7480
Email: JThomas@KeaveneyLegalGroup.com

Case Number: 2013-01413        28
Receipt: Z892675        Judge: 37
Code: 18                Filing: 10217316
Patricia Bachtle - Bucks Co Prothonotary
B09        5/3/2013 11:51:22 AM

| | |
|---|---|
| US BANK<br><br>Plaintiff<br><br>v.<br><br>ANDREW ERRICO aka ANDREW J. ERRICO, Sr. and CHRISTINE ERRICO aka CHRISTINE U. ERRICO<br>Defendant | COURT OF COMMON PLEAS<br>BUCKS COUNTY<br>CIVIL DIVISION<br><br><br>Case No: 2013-1413 |

## NOTICE OF FILING

To:   Richard M. Squire & Assoc., LLC
      One Jenkintown Station, Ste. 104
      115 West Avenue
      Jenkintown, PA 19046
      (US Mail & Certified Return Receipt)

YOU ARE HEREBY NOTIFIED that on April 10, 2013 this notice of service of the following documentation was filed with the Bucks County Prothonotary:

- Defendant's Answer

_____
Joshua Thomas

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2013 I caused to be mailed a copy of the foregoing pleadings on behalf of the Defendants to attorneys for plaintiff and were placed in a mailbox with sufficient postage and directed to the above addressee at the address set forth above before 5:00 p.m.

Dated: April 10, 2013

_____
Joshua Thomas, Esquire

Keaveney Legal Group LLC
Joshua Thomas Esq.
Supreme Court ID No. 312476
East Gate Center
309 Fellowship Road, Suite 200
Mt. Laurel, NJ 08054
Phone: (800) 219-0939
Fax: (856) 831-7119
Email: JThomas@KeaveneyLegalGroup.com

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE FOR LVS TITLE TRUST I<br>Plaintiff<br><br>v.<br><br>Andrew Errico and Christine Errico<br>Defendants | COURT OF COMMON PLEAS<br>BUCKS COUNTY<br><br>CIVIL DIVISION<br><br><br><br>No. 2013-01413 |

## ANSWER TO COMPLAINT

1. Denied. Plaintiff has not established that they are the note holder. Only the holder of the note is entitled to enforce the mortgage. Plaintiff has failed to join necessary and indispensible parties to this action. Further, Plaintiff has not produced the original note. Further still, this allegation sets forth the legal conclusion and as such, no further response required.

2. Admitted.

3. Denied. The averments contained within this paragraph constitute conclusions of law to which no response is deemed required. By way of further response, Plaintiff has not established that they are the note holder. Only the holder of the note is entitled to enforce the mortgage. Plaintiff has failed to join necessary and indispensible parties to this action. Further, Plaintiff has not produced the original note. Defendants leave Plaintiff to its proofs.

4. Denied. This allegation sets forth the legal conclusion and as such, no further response required.

5. Denied. This allegation sets forth the legal conclusion and as such, no further response required.

6. Denied. Plaintiff has not established that they are the note holder. Only the holder of the note is entitled to enforce the mortgage. Plaintiff has failed to join necessary and indispensible parties to this action. Further, Plaintiff has not produced the original note or a proper assignment of mortgage showing it was properly assigned to the Plaintiff. Further still, this allegation sets forth the legal conclusion and as such, no further response required.

7. Admitted.

8. Denied. Plaintiff has not taken into account all payments made by Defendants. Plaintiff has not established that they are the note holder. Only the holder of the note is entitled to enforce the mortgage. Plaintiff has failed to join necessary and indispensible parties to this action. Further, Plaintiff has not produced the original note. Further still, this allegation sets forth the legal conclusion and as such, no further response required.

9. Denied. The averments contained within this paragraph constitute conclusions of law to which no response is deemed required. By way of further response, Plaintiff has not established that they are the note holder. Only the holder of the note is entitled to enforce the mortgage. Plaintiff has failed to join necessary and indispensible parties to this action. Further, Plaintiff has not produced the original note. Defendants leave Plaintiff to its proofs.

10. Denied. Plaintiff has not taken into account all payments made by Defendants. Plaintiff has not established that they are the note holder. Only the holder of the note is entitled to enforce the mortgage. Plaintiff has failed to join necessary and indispensible parties to this action.

Further, Plaintiff has not produced the original note. Further still, this allegation sets forth the legal conclusion and as such, no further response required.

11. Denied. The averments contained within this paragraph constitute conclusions of law to which no response is deemed required. By way of further response, Plaintiff has not established that they are the note holder. Only the holder of the note is entitled to enforce the mortgage. Plaintiff has failed to join necessary and indispensible parties to this action. Further, Plaintiff has not produced the original note. Defendants leave Plaintiff to its proofs.

12. Denied. The averments contained within this paragraph constitute conclusions of law to which no response is deemed required. By way of further response, Plaintiff has not established that they are the note holder. Only the holder of the note is entitled to enforce the mortgage. Plaintiff has failed to join necessary and indispensible parties to this action. Further, Plaintiff has not produced the original note. Defendants leave Plaintiff to its proofs.

13. Denied. Plaintiff has not taken into account all payments made by Defendants. Plaintiff has not established that they are the note holder. Only the holder of the note is entitled to enforce the mortgage. Plaintiff has failed to join necessary and indispensible parties to this action. Further, Plaintiff has not produced the original note. Further still, this allegation sets forth the legal conclusion and as such, no further response required.

14. Denied. The averments contained within this paragraph constitute conclusions of law to which no response is deemed required. By way of further response, Plaintiff has not established that they are the note holder. Only the holder of the note is entitled to enforce the mortgage. Plaintiff has failed to join necessary and indispensible parties to this action. Further, Plaintiff has not produced the original note and has directly violated Act 6 and/or Act 91 by failing to properly name the lender. Defendants leave Plaintiff to its proofs.

**WHEREFORE**, Defendants demands entry of judgment as follows:

   a. Dismissing the Complaint;

   b. Awarding attorney's fees and cost of suit; and

   c. Granting such other relief as the Court deems just and proper.

## NEW MATTER

1. The Complaint fails to state a cause of action upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiff's claims are barred by the doctrine of waiver and/or estoppel.

4. Plaintiff is not the real party in interest and lacks standing to sue; all necessary parties have not been joined.

5. Plaintiff claims are barred by the equitable doctrine of unclean hands, fraud, illegality, collusion, and conspiracy.

6. To the extent that Plaintiff did sustain any damages, which Defendants denies, such damages were caused, in whole or in part, by the comparative fault of Plaintiff and /or third parties.

7. Plaintiff has acted illegally an improperly at all relevant times and Plaintiff is therefore barred from any relief whatsoever.

8. Plaintiffs own conduct, including that of its agents, contractors and partners, and/ or conduct of third parties, constitute superseding or intervening causes with respect to Plaintiff's claim of damage or injury.

9. Plaintiff's claims are barred because Plaintiff would be unjustly enriched if allowed to recover all or any part of the damages or remedies alleged in the Complaint.

10. Without Defendants's waiver, prejudice or admission, Plaintiff's claims are barred by the doctrine of it in pari delicto.

11. Plaintiff's claims are barred as the mortgagee named in Plaintiff's purported mortgage instrument is not Plaintiff and upon information and belief Plaintiff is not the assignee of the mortgages.

12. That upon information and belief, the claim which is the subject matter of the cause of action set forth in the Complaint in the above entitled action is prohibited by and contravenes the statutory law and public policy of Pennsylvania and/ or Federal law by reason of the fact that the underlying claim violates the usury laws of Pennsylvania or Federal ordinance law or codified statue.

13. That upon information and belief, no contract ever existed in accordance with the terms that were set forth in the Complaint.

14. Plaintiff is in violation of its own Pooling and Servicing Agreement and as such lack standing to sue.

15. Plaintiff is in violation of the Truth in Lending Act, 15 U.S.C.A. § 1601 et. seq., since required disclosures were not made at the time of the closing of the loan.

16. Plaintiff is in violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 because they were certain facts that were important to the closing of the original loan that were not disclosed to Defendants by the mortgage broker who was acting as an agent for the Plaintiff.

17. Plaintiff's claim is barred because the mortgage was procured by fraud and/or duress and or undue influence. The alleged mortgage is void and unenforceable. Any alleged loss to the Plaintiff is caused by the fraud of the Plaintiff and/or the fraud of the third parties over which the Defendants had no control.

18. The loan money was not disbursed by the lender in accordance with the terms of its loan commitment, either in whole or in part, and therefore there was a lack of consideration when the supposed contract was entered into.

19. Waiver may be implied since the conduct of the lender is such that a reasonable inference can be made by the borrower that the lender has voluntarily given up certain rights.

20. The rate of interest for the current loan is unethically high, so the Court should find this interest rate to be usurious and dismiss the foreclosure action.

21. The current Plaintiff is not the proper Plaintiff in the foreclosure and they do not have standing to proceed.

22. In order for the Plaintiff to validly foreclose on a piece of property, all persons or entities who claim an interest in the Note, the Mortgage, or the property must be named as Defendants in the foreclosure action. Since the standing of the Plaintiff is at issue, and the Plaintiff is unable to prove through evidence that they are the sole entity permitted to foreclose, there are clearly other parties that may claim an interest in the Note and Mortgage. The Plaintiff has failed to join all indispensable parties to the action and the action must be abated until all indispensable parties are included.

23. Case law has long held that a duty to perform in good faith is an implicit term of every agreement. State statues permit the acceleration of a Note only if the lender in good faith believes that the prospect of payment or performance is impaired. Foreclosing due to late payments, or only a few missed payments, is an action brought in bad faith, says the prospect of payment has not been impaired invest this foreclosure action should be dismissed.

24. Where a bank becomes involved in a transaction with a customer with whom it has established a relationship of trust and confidence, and it is a transaction from which the bank

is likely to benefit at the customer's expense (such as collecting interest payments, for example), the bank may be found to have a duty to disclose all facts that are material to the transaction. The Bank had information about the Note, Mortgage, and closing that was not made available to Defendants at the time of closing or before, and therefore they have breached her fiduciary duty to the Defendants.

25. Plaintiff or Plaintiff's predecessor in interest engaged in unconscionable commercial practices, deception, fraud, false pretense, false promise and/or misrepresentations with regard to the subject mortgage.

26. Alternatively, and or additionally, Plaintiff or Plaintiff's predecessor in interest engaged in acts of omission, including but not limited to knowing concealment, suppression in omissions of material facts in connection with the subject mortgage.

27. The transactions alleged in Plaintiff's Complaint is a consumer transaction that involved a non purchase money mortgage secured by Defendants primary residence.

28. At all times relevant Plaintiff or Plaintiff's assignor was a creditor under the Federal Truth-in-Lending Act 15 U.S.C.A. § et. seq. (TILA) that was required to provide notices of the right to rescind the mortgage and deliver material disclosures to Defendants.

29. Plaintiff or Plaintiff's alleged assignor failed to comply with TILA by failing to provide Defendants with proper inaccurate written rescission notice and accurate material disclosures as required by TILA.

30. The TILA violations Complaint if herein were apparent on the face of the assigned documents, resulting in assignee liability pursuant to 15 U.S.C. §1641(e).

31. In light of these violations, Defendants was and is entitled to rescind the mortgage.

32. Plaintiff has not provided Defendants with payoff and reinstatement figures or debt verification, and/ or other information as was requested according to the fair debt collection practices act, 15 U.S.C. § 1601, et. seq..

33. Plaintiff is in violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et. seq. because there were certain facts that were important to the closing of the original loan that were not disclosed to the Defendants by the mortgage broker who was acting as an agent for the Plaintiff.

## RESERVATION OF DEFENSE

Defendants reserve the right to add additional New Matters as are made known during the course of discovery.

**WHEREFORE**, Defendants request the Plaintiff's Complaint be dismissed, that Plaintiff be awarded actual and statutory damages and cost and declaratory and injunctive relief declaring the mortgage void and unenforceable and/or rescinding and/or reforming the mortgage; and that Defendants be awarded a judgment for the relief requested in their New Matters; as well as for such other and further relief as is a Honorable Court deems just and proper.

Dated: April 9, 2013     BY: *Joshua S. Thomas*
Joshua Thomas, Esq.
Supreme Court ID No. 312476
Keaveney Legal Group LLC
East Gate Center
309 Fellowship Road, Suite 200
Mt. Laurel, NJ 08054
*Attorney for Defendants*

## Verification

I, Joshua Thomas Esquire, Attorney for the Defendants, verify that the facts stated in the foregoing pleadings are true and correct to the best of my knowledge, information and belief. I understand that false statements therein are subject to the penalties of the 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities.

*Joshua S. Thomas*
Joshua Thomas, Esq.

Keaveney Legal Group LLC
Joshua Thomas Esq.
Supreme Court ID No. 312476
East Gate Center
309 Fellowship Road, Suite 200
Mt. Laurel, NJ 08054
Phone: (800) 219-0939
Fax: (856) 831-7119
Email: JThomas@KeaveneyLegalGroup.com

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE FOR LVS TITLE TRUST I<br>Plaintiff | COURT OF COMMON PLEAS<br>BUCKS COUNTY<br><br>CIVIL DIVISION |
| v. | |
| Andrew Errico and Christine Errico<br>Defendants | No. 2013-01413 |

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2013, I served a true and correct copy of the foregoing pleadings and accompanying documents on the following persons, as follows:

| *Manner of service* | *Name and address* |
|---|---|
| Regular mail<br>and certified mail | Richard M. Squire & Associates, LLC<br>Richard M. Squire, Esq.<br>115 West Avenue, Suite 104<br>Jenkintown, PA 19046<br>*Attorney for Plaintiff* |

April 9, 2013

Joshua S. Thomas

Joshua Thomas, Esq.
Supreme Court ID No. 312476
Keaveney Legal Group LLC
East Gate Center
309 Fellowship Road, Suite 200
Mt. Laurel, NJ 08054
*Attorney for Defendants*

MAIL RECEIVED
2013 APR 15 PM 12: 58
PRO PROTHY