Keaveney Legal Group LLC
Joshua Thomas Esq.
Supreme Court ID No. 312476
East Gate Center
309 Fellowship Road, Suite 200
Mt. Laurel, NJ 08054
Phone: (800) 219-0939
Fax: (856) 831-7119
Email: JThomas@KeaveneyLegalGroup.com

IN THE UNITED STATED DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Philadelphia Federal Credit Union<br>    Plaintiff | CIVIL ACTION |
| v. | |
| George Ankrah<br>    Defendant | No.  2:13-CV-03040 |

Defendants' Reply to Plaintiff's Motion for Sanctions

Defendant, George Ankrah by and through counsel, Joshua Thomas, files this Reply to Plaintiff's Reply to Plaintiff's Motion for Sanctions, and in support states the following:

1. By Plaintiff's own admission, Defendant was ultimately served on September 18, 2013. (See Docket entry #8).

2. That means that Defendants technically had until October 8, 2013 to file a timely answer.

3. While it is admitted that Defendants failed to file a timely answer, once Defendants' counsel became aware of the Complaint, we filed the motion to vacate default as quickly as possible, which amounted to eight days after a timely answer would have been required and only 6 days after the default was requested.

4. As our motion to vacate had not yet been ruled on, Plaintiff's request for Default Judgment was premature and a frivolous and vexatious pleading.

5. Further, according to Pennsylvania Rules of Civil Procedure as well as the Federal Rules of Civil Procedure, Plaintiff's complaint is lacking vital information and as such, should

be dismissed and brought in the proper court, which is the Philadelphia Court of Common Pleas.

**I.     Plaintiff's Complaint is lacking according to Pa.R.C.P. 1144, 1147 and according to F.R.C.P. Rule 8 and must be dismissed for failure to include proper parties, improper venue and failure to state a claim**

6. Pennsylvania Rules of Civil Procedure prohibit this kind of mortgage foreclosure action against a party that has no interest in the property at issue.

7. Because Mr. Ankrah no interest in the properties, the Plaintiff should not have brought this action against him.

8. Neither a mortgagee-plaintiff nor a mortgagee-defendant can join a party who has no interest in the controverted property. *See generally, Newtown Village Partnership v. Kimmel*, 424 Pa.Super 53 (Pa. Super 1993*); Mid-Penn Consumer Discount Co. v. Chamberlain*, 8 Pa.D. & C. 752, (Common Pleas, Phila. 1979); and *Insilco Corporation v. Rayburn*, 374 Pa.Super 362 (Pa. Super 1988).

9. Because Mr. Ankrah assigned the mortgage at issue in this case to Mondlize Management LLC, he had no interest in the property at the time the foreclosure action was initiated.

10. As such, the bank here should not have named Mr. Ankrah in the complaint.

11. Further, from Plaintiff's Counsel's ample time in searching through state court pleadings, he should have been aware that he is to include "the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments;" according to Pa.R.C.P. 1147 since this is allegedly a diversity action but he has failed to do so.[1]

12. Further, Pa.R.C.P. 1144 states "(a) The plaintiff shall name as defendants (1) the mortgagor; (2) the personal representative, heir or devisee of a deceased mortgagor, if known; **and** (3) the real owner of the property, or if the real owner is unknown, the grantee in the last recorded deed.

---

[1] See Exhibit D to Plaintiff's Motion to Vacate where he attaches an example of one of my answers to show that his foreclosure is very much like every other foreclosure complaint in existence beyond the obvious flaws being made clear in this pleading.

13. Plaintiff's counsel seems to be under the misconception, that the rule is written as an or, and that he is able to only bring the suit against only one party who he deems to have an interest, but this just is not the case according to a clear reading of the rule.

14. Finally F.R.C.P Rule 8 states "a) Claim for Relief. A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

15. According to the Change in terms agreement **attached to the Complaint**, the new borrower on the mortgage became Mondlize Management LLC, with an address of 532 S. 48th Street, Philadelphia, PA 19143 as of October 15, 2010.

16. Mondlize Management LLC, the only borrower on the "Change in terms" to the mortgage was clearly stated beside the "Borrower:" line on page 1, but if Plaintiff's counsel failed to notice it there, through what can only be construed as grossly negligent review of the pleadings, it was **also** stated on the signature page, on page three.

17. Furthermore, both George Ankrah and Dana Holley Ankrah **both** signed as representatives of that entity, as opposed to in their own capacity.

18. By any interpretation of the change in terms agreement, it is Mondlize Management LLC that is the only party that is responsible for paying the mortgage, and Plaintiff's counsel chooses to willfully ignore this fact.

19. As Plaintiff is well aware from paragraph 6 of his alleged complaint, a corporation is a citizen, so by attempting to render Mondlize Management LLC a non-party, Plaintiff was, in essence, ignoring the only citizen who should have had this case brought against it.

20. The only Defendant Plaintiff is attempting to bring this frivolous Complaint against is, at best, a "personal representative" of the mortgagor however since Mondlize Management LLC is not a deceased mortgagor, there is no reasonable or practical reason to do so.

21. The only **possible** reason for Plaintiff to pretend to not notice or willfully attempting to ignore these clear and obvious changes in the "change in terms" agreement which materially modified the mortgage at issue in this case is so that he can try to bend over

22. backwards to be able to make an argument that there is diversity jurisdiction in this case where none exists, since both Plaintiff and the only party that should be the Defendant, Mondlize Management LLC, are both Pennsylvania "citizens".

22. Further, as if any more proof was needed, all of the properties in question are in Pennsylvania and five of the six are in the Philadelphia area, meaning that the action substantially takes place in Pennsylvania.

23. Further, Pa.R.C.P. 1142 states "the action may be brought in and only in a county in which the land or a part of the land is located."

24. As such, the only reasonable venue for this to have been brought was in the Philadelphia Court of Common Pleas of Pennsylvania since Plaintiff is located there at 12800 Townsend Road, Philadelphia, PA 19154 and the only party that should be a Defendant is located at 532 S. 48th Street, Philadelphia, PA 19143.

25. Based on all of this, Plaintiff's Complaint violates F.R.C.P. Rule 8, and according to F.R.C.P. Rule 12(b)(6) should be dismissed for failure to state a claim upon which relief can be granted.

**WHEREFORE**, Petitioner, respectfully requests this Court to dismiss this complaint for failure to be brought in the proper venue, failure to include the proper party and failure to state a failure to state a claim upon which relief can be granted.

## II.   Plaintiff should have to pay reasonable attorney's costs and fees for his frivolous filings and be sanctioned if they continue

26. Plaintiff filed a response to our motion to vacate but did not seem settled to allow for the scheduled hearing, where his Complaint should be dismissed so he can bring it in the proper venue against the proper party, instead, he went and filed the immediate motion for sanctions after threatening to do so for completely baseless and false reasons

27. This immediate motion's only purpose is for delay, to run up the costs of litigation and for no possible beneficial purpose to either party.

28. Though Plaintiff's Counsel tries to paint himself as a victim because of his inability to properly serve the incorrect Defendant, Mr. Ankrah, he is even more guilty of what can only be construed as an intentional, willful and deceitful failure to communicate.

29. On multiple occasions[2], Defendant's counsel attempted to call Plaintiff's Counsel, only to have it go to voicemail multiple times and never receive a call back.

30. Further an email that was sent to Plaintiff's counsel on October 28, 2013 went unanswered.

31. It is interesting to note that in one letter that Plaintiff's counsel recently referenced but failed to attach as an exhibit, he actually **refuses** to speak with us until we become attorney of record, which apparently includes failing to allow us to accept service which we called him to do, but he seems to feel that he is justified in continuing to ignore all attempts at communication.

32. This has resulted in a rather strained effort to try and work this matter out outside of court but based on these emails before we became attorney of record, Plaintiff's counsel absolutely does not appear to want to work anything out but instead be as difficult, exasperating and generally as unresponsive as possible.

33. All of these tactics have resulted in significant added time for Defendant's counsel and as such, Plaintiff's counsel should be held accountable and ordered to pay reasonable attorney's costs and fees.

34. Further, for filing the immediate motion, prior to the others even being ruled on, Plaintiff's counsel should now pay sanctions for further frivolous, vexatious and absolutely unnecessary filings.

**WHEREFORE**, Petitioner, respectfully requests that the Plaintiff, his Counsel, or both, be ordered to pay reasonable attorney's costs and fees and, for filing frivolous, vexatious and absolutely unnecessary pleadings be ordered to pay sanctions to Petitioner in an amount to be determined by the court.

Respectfully,

_/s/ Joshua Thomas _____
Joshua Thomas, Esq.
Keaveney Legal Group LLC
Supreme Court ID No. 312476
Phone: (800) 219-0939
Email: JThomas@KeaveneyLegalGroup.com

---

[2] Specific dates upon review of my call logs include: September 20, 2013, September 23, 2013, October 21, 2013, and October 23, 2013 – every day we received one of Plaintiff's letters or filings.

Verification

I, Joshua Thomas Esquire, Attorney for the Defendant, verify that the facts stated in the foregoing Reply to Plaintiff's Motion for Sanctions are true and correct to the best of my knowledge, information and belief. I understand that false statements therein are subject to the penalties relating to unsworn falsification to authorities.

_/s/ Joshua Thomas_____
Joshua Thomas, Esq.

IN THE UNITED STATED DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILADELPHIA FEDERAL CREDIT UNION<br>　　Plaintiff<br>　　v.<br><br>George Ankrah<br>　　Defendant | CIVIL ACTION<br><br><br><br>No.  2:13-CV-03040 |

CERTIFICATE OF SERVICE

I hereby certify that on  December 16, 2013, I served a true and correct copy of the foregoing pleadings and accompanying documents on the following persons, as follows:

| *Manner of service* | *Name and address* |
|---|---|
| E-filing | William J. Levant, Esq.<br>Kaplin Stewart Meloff Reiter & Stein, P.C.<br>910 Harvest Drive<br>PO Box 3037<br>Blue Bell, PA 19422<br>*Attorney for Plaintiff* |

December 16, 2013　　　　　　　　　　__/s/ Joshua Thomas_____
　　　　　　　　　　　　　　　　　　Joshua Thomas, Esq.
　　　　　　　　　　　　　　　　　　Supreme Court ID No. 312476
　　　　　　　　　　　　　　　　　　Keaveney Legal Group LLC
　　　　　　　　　　　　　　　　　　East Gate Center
　　　　　　　　　　　　　　　　　　309 Fellowship Road, Suite 200
　　　　　　　　　　　　　　　　　　Mt. Laurel, NJ 08054
　　　　　　　　　　　　　　　　　　*Attorney for Defendant*